## THE HARBOUR TRADER.
### No. 2273.

District Court, E. D. New York.
June 14, 1933.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Albert D. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Louis Halle, of New York City, for claimants.

BYERS, District Judge.

This is a motion for an order directing the United States attorney to return to the Concord Casualty & Surety Company $379.80 deposited by it under its bond dated January 25, 1930, given in this proceeding. In effect, the surety is asking to be relieved of its obligation.

Pursuant to proceedings duly had, the above-named vessel was seized, condemned and forfeited because of a violation of the National Prohibition Act (27 USCA) committed by those in charge.

The final decree is dated January 22, 1930, and provides for the condemnation and forfeiture of both the vessel and cargo, and that the libellant have judgment against the said vessel "for the payment of costs and disbursements as taxed, amounting to Three hundred seventy-nine and 80/100 ($379.80) Dollars, * * * and that libellant have execution therefor."

The cargo was ordered to be destroyed, and the decree further provided that the marshal was directed to turn over to the Coast Guard the said vessel, her tackle, apparel, furniture, papers and engines, "for use in the Coast Guard Service of the United States, as provided by" (title 27 U. S. C. §§ 41, 43 [27 USCA §§ 41, 43]).

The decree contains a stay until the determination of an appeal taken by the claimant to the Circuit Court of Appeals for this circuit.

Such appeal was taken and on July 31, 1930, the decree having been affirmed [42 F. (2d) 858], an order on mandate was entered, affirming the said decree.

The surety company gave a bond entitled "Stipulation for claimant's or respondent's costs," which recited the filing of the libel and the making of a claim by the owner to the

vessel, and by another corporation to the cargo, the presently material part being:

"And Concord Casualty and Surety Company, Stipulator, parties hereto, hereby consenting and agreeing that if the said Libellant recover costs, the decree therefore not exceeding the sum of three hundred and seventy nine and 80/100 ($379.80) Dollars, which may be entered against the said vessel 'Harbour Trader'

"Now, therefore, it is hereby stipulated and agreed for the benefit of whom it may concern, that the said Concord * * * Company, * * * Stipulator, shall, and is hereby bound in the sum of three hundred and seventy nine and 80/100 ($379.80) Dollars, conditioned that it will pay all costs and expenses which shall be awarded against the said vessel 'Harbour Trader,' by decree of this Court and in case of appeal by any Appellate Court."

It is conceded that the vessel was transferred to the Coast Guard pursuant to the terms of the said decree; that is to say, there was no sale of the res, whereby there was no fund produced from which the costs would have been collected, and the contention is, that the vessel having been so acquired by the government, the costs in question should be payable by the latter, and the surety should be relieved of the obligation above stated.

No case has been found which passes upon this question.

The statute involved is the Act of March 3, 1925, c. 438, § 3 (27 U. S. C. § 43 [27 USCA § 43]), which provides in substance that under such circumstances the vessel so acquired shall be utilized only for official purposes in the enforcement of the law; and

"The appropriations available for enforcement of this title shall be available for the payment of expenses of maintenance, repair, and operation of said vessels and vehicles. * * * Said appropriations shall also be available for the payment of the actual costs incident to the seizure and forfeiture, and if the seizure is made under any section of law under which liens are recognized, for the payment of the amount of such lien allowed by the court. A report shall be submitted to Congress each year in the Budget, setting forth in detail a description of the vessels or vehicles so acquired, the cost of acquiring, the appraised value thereof, the uses to which they have been put, the appraised value of seizures resulting from their use, and the expense of operating such vessels or vehicles. Any vessel or vehicle so acquired when no longer needed for official use shall be disposed of in the same manner as other surplus property."

It is apparent that the intention of Congress was to set up the initial cost of a vessel. so taken, in net figures, after providing for the payment of all proper capital charges, including in this case the item of costs of seizure fixed by the original decree.

The fairness of such a provision is obvious, because, if the vessel had been sold, the costs would have been deducted from the proceeds and the net balance would have been covered into the treasury, and it is difficult to perceive why a different result should be sanctioned where, instead of conducting such a sale, the government has taken possession of the vessel for its own uses and purposes, particularly as the statute clearly contemplates the payment of the costs as above stated, out of the appropriate departmental appropriation.

The difficulty with the surety's position is that the terms of its undertaking are definite, and, if it were now to be relieved of its contract, that result would be arrived at only by reading into the decree a provision, that, by reason of the direction to the marshal, to turn over to the commander of the Coast Guard the said vessel, the costs of seizure should be paid by the Coast Guard and not by the claimant. In other words, this court cannot upon this motion amend a decree which seems to have been granted in terms which omit reference to the payment of the said costs by the Treasury Department as contemplated by the statute above quoted. That such a reference would have been appropriate can be seen when it is reflected that the governmental department acquiring such a vessel should be apprised definitely of the item of costs to be paid out of the appropriation for that department, because it is conceivable that the election to acquire might depend upon the amount of that item.

This decree was settled on notice, and it could have been suitably amended, on appeal, if the attention of the appellate court had been drawn to the circumstances herein discussed. The opinion of the Circuit Court of Appeals, which has been consulted, does not indicate that the point was raised, and it therefore follows that this court is without power presently to relieve the surety of its specific undertaking, by what would amount to supplying a deficiency in the decree in connection with which the bond was given.

Motion denied. Settle order.